IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BETTY HADDOCK )
 )
v. ) NO. 3:13-0027
 )
WAL-MART STORES EAST, LP[1] )

**MEMORANDUM**

Pursuant to the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties in this action have consented to have the Magistrate Judge conduct any and all further proceedings in the action, including the entry of a final judgment. See Docket Entry Nos. 12-13.

Presently pending before the Court is the Defendant's Motion for Summary Judgment (Docket Entry No. 20), to which the Plaintiff has filed a Response (Docket Entry No. 29). Also before the Court is the Defendant's Response (Docket Entry No. 34) to the Plaintiff's Counter Statement of Material Facts in Dispute (Docket Entry No. 33).

**I. BACKGROUND**

The Plaintiff is a resident of Hickman County, Tennessee. On December 5, 2012, she was a customer in the Wal-Mart Store ("the Store") located in Dickson, Tennessee. At approximately 12:30 p.m., she was exiting the store with two shopping carts of merchandise that she had purchased. She was pushing one of the carts in front of her with her left hand and pulling the other cart behind her with her right hand. As she passed through the Store's doorway to the outside, she alleges that an employee of the Store grabbed and "jerked the cart in a backward motion in an apparent attempt to prevent what she [the employee] misperceived as shoplifting." See Complaint (Docket Entry

---

[1] By Order entered February 19, 2013 (Docket Entry No. 10), Wal-Mart Stores, Inc., was terminated as the Defendant and Wal-Mart Stores East, LP, was substituted as the sole Defendant.

No. 1-2), at 2, ¶ 5. The Plaintiff showed the employee her receipt for the items and proceeded to her car with the shopping carts. The Plaintiff alleges that the manner in which the employee stopped the cart caused her to feel a "pop" and sharp pain in her lower back. After returning home, she telephoned the Store and spoke with the Store Manager, known to her at the time as "Dave," who suggested that she return to the Store the following day to fill out an incident report. The Plaintiff did fill out an incident report on December 6, 2012. The Plaintiff asserts that she has suffered personal injuries, as well as mental anguish, as a result of the actions of the Defendant's employee and has undergone cortisone injections, other pain management, and medical attention for the injuries.

On December 5, 2012, the Plaintiff filed an action in the Circuit Court for Dickson County, Tennessee, against the Wal-Mart Stores, Inc. ("Wal-Mart") seeking $100,000.00 in compensatory damages, as well as punitive damages. The Plaintiff asserts claims of negligence and battery against the Defendant based upon the actions of the Defendant's employee. The action was removed to this Court by the Defendant on January 11, 2013, pursuant to 28 U.S.C. § 1441. See Docket Entry No. 1. The parties have engaged in discovery, and the action is set for a trial by jury.

By its motion for summary judgment, the Defendant argues that genuine issues of material fact do not exist that require resolution of this action at trial. Relying upon the deposition of Inez Norman, the Store employee who was working as the door greeter and who interacted with the Plaintiff, see Docket Entry No. 20-2, and upon three surveillance videos of the incident at issue, see Docket Entry No. 25, the Defendant asserts that the evidence simply does not support the Plaintiff's claims. The Defendant contends that the undisputed evidence is that one of the employee's duties is to check the receipts of any customers who leave the store with un-bagged merchandise, that it is undisputed that the shopping cart being pulled by the Plaintiff contained un-bagged merchandise, and that the employee checked the Plaintiff's receipt just as she had checked the receipts of other customers. The Defendant contends that there is no evidence that the employee suspected the Plaintiff of committing theft or that the employee acted in any manner to detain the Plaintiff because

2

of suspected theft. The Defendant asserts that the surveillance videos show that the employee briefly tapped the shopping cart, did not grab the cart as alleged, and checked the Plaintiff's receipt, and that the Plaintiff left the store. The Defendant contends that the surveillance videos show that the entire incident lasted 14 seconds and do not show the employee jerking the cart backwards or acting in any manner that was unreasonable. The Defendant further asserts that the Plaintiff, in her deposition, offered no explanation for why the surveillance videos do not support her version of the events at issue. Given this evidence, the Defendant argues that there is no evidentiary support for a claim that the Defendant was negligent or committed a battery on the Plaintiff and that it is entitled to summary judgment in its favor.

The Plaintiff responds by contending that genuine issues of material fact exist regarding the incident in question. Relying on her own deposition testimony, see Docket Entry No. 30, the affidavit of her sister who accompanied her at the time of the incident, see Affidavit of Barbara Jones (Docket Entry No. 32), and the deposition testimony Ms. Norman, the plaintiff contends that disputed factual issues exist about the degree of force used by the Defendant's employee and whether the employee gave any kind of verbal warning or instruction to the Plaintiff prior to touching the shopping cart, and whether Ms. Norman or the Plaintiff were hostile or acted "mad" during the incident. Although the Plaintiff does not dispute the authenticity or completeness of the surveillance videos, the Plaintiff asserts that the surveillance videos do not include audio recordings, are not conclusive evidence of what occurred, and are subject to differing interpretations. The Plaintiff further asserts that the Court should not give more weight to the video evidence than other evidence in resolving the summary judgment motion and that it should be left to the jury to resolve all of the factual disputes in the action.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871,

4

888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

A federal court sitting in a diversity case generally applies the substantive law of the forum state. Montgomery v. Wyeth, 580 F.3d 455, 459 (6th Cir. 2009); Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., 823 F. Supp. 2d 786, 801 (W.D. Tenn. 2011). Neither party has suggested that Tennessee law does not apply. Accordingly, the Court shall apply Tennessee law to the dispute.

The Plaintiff sues the Defendant asserting that Wal-Mart is liable for the actions of its employees under the doctrine of respondeat superior. The Defendant does not dispute that respondeat superior applies.

The Plaintiff argues that the Defendant owed a duty to use reasonable care to not forcibly detain the Plaintiff unless there was probable cause at the time to believe that she had committed, or was attempting to commit, the offense of theft and that the Store employee breached this duty. Generally, to establish negligence, the Plaintiff must prove: (1) a duty of care owed by the Defendant to Plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995); Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993).

The Plaintiff further contends that the actions of the employee in stopping the shopping cart constituted a battery against the Plaintiff. A civil battery occurs when an individual intentionally inflicts an unlawful or offensive physical contact upon the person of another without the consent of the victim. See generally, 6 Am.Jur 2D, Assault and Battery, § 3 (1999). See also Runions v. Tennessee State Univ., 2009 WL 1939816 (Tenn.Ct.App. July 6, 2009). Battery has also been

5

described as an unpermitted touching of the plaintiff by the defendant or by some object set in motion by the defendant. See Cary v. Arrowsmith, 777 S.W.2d 8, 21 (Tenn.Ct.App. 1989). However, not every physical contact that is unconsensual is so offensive that it amounts to a battery. Id. Offensive contact is contact that infringes on a reasonable sense of personal dignity ordinarily respected in a civil society. See Brown v. Christian Bros. Univ., 2013 WL 3982137, *16 (Tenn. Ct. App. Aug. 5, 2013); Doe v. Mama Taori's Premium Pizza, 2001 WL 327906, *4 (Tenn.Ct.App. Apr. 5, 2001).

The Court has reviewed the evidence in the record that has been presented by the parties and finds that, even when this evidence is viewed in the light most favorable to the Plaintiff as the non-moving party, there are no genuine issues of material facts that require submission of this case to the jury. The surveillance videos of the incident in question provide overwhelming evidence requiring dismissal of the Plaintiff's claims because no reasonable jury could find in favor of the Plaintiff on either of her claims after viewing this evidence.

Although the Plaintiff is correct that it is not the Court's role to weigh evidence or make credibility determinations in ruling on a motion for summary judgment, the Court's ultimate role when presented with a summary judgment motion is to determine whether there is a genuine need for trial because there is sufficient admissible evidence upon which a jury could find in favor of the non-moving party or whether the moving party is entitled to judgment as a matter of law. Liberty Lobby, 475 U.S. at 587. In most cases, conflicting witness testimony will often create genuine issues of material fact that must be resolved at trial. However, in some cases video evidence is so overwhelmingly in favor of the Defendant and contradictory to the Plaintiff's claims that it requires summary judgment to be granted in favor of the Defendant. See Neal v. Melton, 453 F. App'x 572, 577 (6th Cir. 2011); Stratford v. Merlo, 2013 WL 3895439, *6 (E.D. Mich. July 29, 2013); Jackson v. Home Depot U.S.A., Inc., 2012 WL 6675125, **2-4 (E.D.N.Y. Dec. 21, 2012); Mitchell v. City

of Morristown, 2012 WL 2501102, *6 (E.D. Tenn. June 28, 2012); Patton v. Byrd, 2011 WL 1002789, **6-7 (E.D. Tenn. Mar. 18, 2011).[2] Such is the case with the instant lawsuit.

The Sixth Circuit Court of Appeals in Kinlin v. Kline, _F.3d_, 2014 WL 2109366 (6th Cir. May 21, 2014), recently re-visited the Supreme Court's decision in Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), regarding how video evidence should be considered by the Court in the context of a summary judgment motion. The Sixth Circuit held:

> In Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), the Supreme Court addressed the role of video evidence at the summary-judgment stage of a case. The Court held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. at 380.
>
> Scott's holding is twofold. First, Scott stands for the proposition that witness accounts seeking to contradict an unambiguous video recording do not create a triable issue. Id. at 380-81. Second, Scott reaffirmed the holdings of Matsushita and Anderson that, in disposing of a motion for summary judgment, a court need draw only reasonable inferences in favor of the nonmoving party; it need not construe the record "in such a manner that is wholly unsupportable -- in the view of any reasonable jury -- by the video recording." Marvin v. City of Taylor, 509 F.3d 234, 239 (6th Cir. 2007); see also Green v. Throckmorton, 681 F.3d 853, 859 (6th Cir. 2012) (holding that the court should "view[ ] the facts in the light depicted by the videotape," and that "[t]he central issue is whether the evidence ... is so one-sided that one party must prevail as a matter of law") (internal quotation marks omitted).

Kinlin, 2014 WL 2109366, at *3.

The principles enunciated by the Sixth Circuit in Kinlin apply squarely to the instant lawsuit. The Plaintiff's two claims, even though they are buttressed by her own deposition testimony and the affidavit of her sister, are simply unsupportable in light of the video evidence in this lawsuit. No reasonable jury viewing the three surveillance videos could find that the Defendant's employee acted in a manner that was either unreasonable or offensive. The only plausible interpretation of the incident portrayed in the surveillance videos is that the employee briefly and unremarkably slowed

---

[2] The Plaintiff relies on Lopez v. Metropolitan Gov't of Nashville & Davidson Cnty., 646 F.Supp.2d 891, 914 (M.D. Tenn. 2009), for the proposition that the Court should not weigh the video evidence in this case and make any particular interpretation of the evidence. However, Lopez is distinguishable because the video at issue in Lopez, unlike the videos in the instant case, did not actually show all of the events at issue and thus was incomplete.

7

the Plaintiff's shopping cart to a halt and briefly checked the Plaintiff's receipt before the incident was over. There is nothing on the three surveillance videos that, even under the most favorable view possible toward the Plaintiff, could support an interpretation of the incident as being a forcible detention or a violent, extreme, or harmful act. The actions of the Defendant's employee could not possibly be found by a reasonable jury to have fallen below any standard of care owed to the Plaintiff, let alone to have infringed upon the Plaintiff's reasonable sense of personal dignity and thus constitute offensive and actionable conduct.

The Plaintiff's argument that factual disputes exist that require resolution by a jury is unavailing in light of the video evidence.[3] Whether or not the employee said anything to the Plaintiff about needing to see her receipt prior to stopping the shopping cart is simply not a genuine and material dispute. Even if she did not ask for the Plaintiff's receipt prior to stopping the cart, her actions were nonetheless reasonable and inoffensive. Likewise, whether or not facts exist to justify the Plaintiff's perception that the employee was acting in a hostile manner or the employee's perception that the Plaintiff "got mad" and whether discrepancies that exist between the employee's account of the events and her written description of the event that was provided to the Defendant shortly after the events are factual issues that are simply not genuine issues of material fact. Finally, given the video evidence memorializing the actual incident, whether the employee's act of stopping the shopping cart is described as "tapping," "stopping," or "jerking" is inconsequential. See Neal, supra. However the event is described, the surveillance videos show an innocuous and unremarkable event that no reasonable jury could view as supporting a claim of negligence or civil battery.

---

[3] In her Response to the Defendant's Statement of Undisputed Facts, the Plaintiff asserts that the surveillance videos are of "relatively poor quality." See Docket Entry No. 28, at ¶ ¶ 6-7, 9, and 12-14. The Court has reviewed the videos and finds this assertion to be unfounded. The videos, which depict the same general area of the Store from three different angles, are of good quality, are easily viewable, and clearly depict the events contained in the videos.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment will be granted. An appropriate order shall be entered.

JULIET GRIFFIN
United States Magistrate Judge